1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EXPEDIA, INC., a Washington corporation, | NO.   2:11-cv-1542 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| JOHN DOES 1-10, | |
| Defendants. | |

Plaintiff Expedia, Inc. ("Expedia") alleges as follows:

## PARTIES

1. Expedia is a Washington corporation with its principal place of business in Bellevue, Washington. Expedia operates an online travel company.

2. John Does 1-10 (collectively "Defendants" or "John Does") are individuals or entities who participated in deploying software programs that, without or in excess of Expedia's authorization or consent, obtained information from and/or damaged the internet website www.Expedia.com and other associated Expedia websites, and caused damage to Expedia. The identity of John Does 1-10 is presently unknown but will be ascertained through discovery.

COMPLAINT - 1
No. 2:11-cv-1542

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## JURISDICTION AND VENUE

3. This action arises under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and the law of the State of Washington. Federal question jurisdiction over this action is conferred upon the Court by 28 U.S.C. §1331. Supplemental jurisdiction over the causes of action brought under Washington state law exists under 28 U.S.C. § 1367(a) as these causes of action are so related to claims subject to the Court's original jurisdiction that they form part of the same case or controversy. Supplemental jurisdiction under 28 U.S.C § 1367(a) is also proper as the causes of action are derived from a nucleus of operative fact common to the predominant federal causes of action and, regardless of their state or federal character, the causes of action are such that plaintiff Expedia Inc. would ordinarily be expected to try them all in one judicial proceeding.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District, Expedia's headquarters are in this District, and the computers at issue in the litigation are housed in this District. Independently, Defendants are bound by and consented to the terms of use for the Expedia website which provide for venue in this District.

5. Defendants furthermore engaged in activity causing damage and injury in this District and/or to persons or entities in this District, Defendants sent thousands of requests for information to a company in the District, and requesting repeated transmission of computer data over the Internet from this District, and Plaintiff's claims arise out of and/or result from the Defendants' activities directed at this state and District.

## FACTS COMMON TO ALL CLAIMS

6. Expedia is an online travel company that, among other services, allows and assists customers in gathering travel information, determining the availability of travel-related goods and services, and making and booking travel arrangements through its websites. The flagship Expedia website, www.Expedia.com, features the availability of and information about

COMPLAINT - 2
No. 2:11-cv-1542

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

a broad selection of airline tickets, hotel reservations, car rental, cruises, and many other in-destination services.  The other Expedia websites offer similar services in other countries throughout the world.

7. Expedia's business is perpetuated in significant part by the efficacy and performance of its websites.  Delivering prompt, reliable and efficient results to consumers is critical to its business operation.  Expedia has developed a privately-owned computer system, which includes the www.Expedia.com website, numerous other Expedia websites, and the supporting servers, databases, networks, and routers (collectively "Expedia.com").  Through Expedia.com, Expedia provides fare, route, and schedule information, among other things, to customers and potential customers in an interactive format.  Expedia has invested substantial time, effort and money in developing and maintaining its computer system, Expedia.com, and the information contained in it and relies on its computer systems to facilitate and process transactions and to maintain and earn the business and goodwill of consumers.

8. Expedia makes its computer system, website and the contents thereof available to consumers subject to certain terms and conditions of use, the "Expedia, Inc. Web Site Terms, Conditions, and Notices" ("Use Agreement") which state that the system and information displayed thereon is proprietary and owned by Expedia.  The Use Agreement, which is referenced and available by interactive link displayed on the Expedia homepage, provides the terms and conditions under which users may access Expedia.com and use the information on it.

9. The Use Agreement expressly prohibits (1) use of the website or its contents for any commercial purpose; (2) accessing, monitoring or copying any content or information of the website using any scraper or other means or process for any purpose without Expedia's express written permission; (3) any action that imposes an unreasonable or disproportionately large load on the Expedia infrastructure.

COMPLAINT - 3
No. 2:11-cv-1542

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

10. When a user requests data from an Expedia.com website, the request is formatted according to Hypertext Transfer Protocol ("HTTP"), a protocol for moving files across the Internet and delivered to an Expedia web server.

11. On information and belief, John Does 1-10 deployed software commonly known as "scraping" software and applications. These programs provide an automated means of accessing, searching and retrieving material from websites. Simulating the activity of an individual user, scrapers send thousands of HTTP requests to the hosting servers and in response, the servers provide the requested web pages.

12. On May 6, 2011, on information and belief John Does deployed scraping software in the Expedia.com website. Expedia's records show that John Does accessed and queried Expedia's website many thousands of times during a peak traffic period. Defendants' activities on May 6, 2011 substantially increased the quantities of queries on the Expedia.com website during a peak traffic time. The avalanche of automated queries overwhelmed the subsystems of Expedia.com, which impaired the site's availability and/or usability for intended users, causing material harm to Expedia, its customers, and its reputation.

13. Because of the high volume of data being scraped by Defendants from the Expedia servers, response time on the Expedia.com websites deteriorated, leading to high error rates and unacceptably slow response rates, resulting in more than one million dollars of lost bookings and a poor consumer experience injurious to Expedia's goodwill with its customers and potential customers.

14. Each HTTP request includes the IP address of the computer initiating the request. Through its investigation of the May 6 incident, Expedia was able to identify the IP addresses that were the sources of the traffic spikes and ultimately the disabling of the website. Expedia was subsequently able to track the registration of the IP addresses to a web-based cloud-computing service provided by Amazon.com, a company headquartered and doing business in this state and District.

COMPLAINT - 4
No. 2:11-cv-1542

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

15. Expedia expended significant resources to find, diagnose and block access to Expedia.com by the IP addresses used by Defendants, so that the proper functioning and functionality of Expedia.com could be restored. Those resources and that effort included the diversion of employees from their usual duties to solve the performance issues and to restore the Expedia.com websites back to acceptable functionality.

16. Defendants' unauthorized and illegal use of the Expedia.com website impaired the servers' condition and value and deprived Expedia their use for a substantial time.

## CAUSES OF ACTION

## COUNT I

### ACCESSING PROTECTED COMPUTERS WITHOUT, OR IN EXCESS OF, AUTHORIZATION IN VIOLATION OF SECTION 1030(a)(2)(C) OF THE COMPUTER FRAUD AND ABUSE ACT

17. Expedia realleges and incorporates by reference paragraphs 1-16 above.

18. Expedia owns and maintains one or more "protected computers" as the term is defined in the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e)(2)(B). Expedia's protected computers engage in two-way communications with its customers engaged in interstate commerce.

19. Defendants obtained information from Expedia's protected computers. Defendant obtained such information without or in excess of Expedia's authorization or consent.

20. By their actions, Defendants have intentionally accessed a computer without authorization, or in excess of authorization, and have thereby obtained information from a protected computer via an interstate or foreign communication, in violation of 18 U.S.C. §1030(a)(2)(C).

21. The damages suffered by Expedia as a result of Defendants' conduct include the impairment of the integrity and/or availability of data, programs, systems, and/or information on Expedia's protected computers, the cost to Expedia of identifying and halting the attack on

COMPLAINT - 5
No. 2:11-cv-1542

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

its computers and systems, the bookings and revenues lost as a result of Defendants' actions, and the damage and injury to Expedia's goodwill caused by Defendants' actions. Defendants' conduct has caused damage to Expedia during the past year aggregating at least $5,000.

22. On information and belief, Defendants may continue to engage in the unlawful actions alleged herein, and unless restrained and enjoined likely will continue to do so, causing irreparable harm to Expedia. Monetary damages alone cannot compensate Expedia for the harm that Defendants will cause to Expedia. Expedia is entitled to injunctive relief prohibiting Defendant from accessing Expedia's computers without authorization, or in excess of authorization, and from thereby obtaining information from Expedia's protected computers.

## COUNT II

### IMPAIRING COMPUTER FACILITIES IN VIOLATION OF SECTION 1030(a)(5) OF THE COMPUTER FRAUD AND ABUSE ACT

23. Expedia realleges and incorporates by reference paragraphs 1- 22 above.

24. Defendants intentionally used a scraper program on Expedia's protected computers without authorization. As a result of such conduct, Defendants caused damage to Expedia's protected computers in violation of 18 U.S.C. § 1030(a)(5).

25. The damage suffered by Expedia as a result of Defendants' conduct includes the impairment of the integrity and/or availability of data, programs, systems, and/or information in Expedia's protected computers, the cost to Expedia of identifying and halting the attack on its computers and systems, the bookings and revenues lost as a result of Defendants' actions, and the damage and injury to Expedia's goodwill caused by Defendants' actions. Defendants' conduct has caused damage to Expedia during the past year aggregating at least $5,000.

## COUNT III

### TRESPASS

26. Expedia realleges and incorporates by reference paragraphs 1- 25 above.

27. The software and proprietary databases that Expedia designed and hosts are the private property of Expedia. Defendants have intentionally and without authorization, accessed

COMPLAINT - 6
No. 2:11-cv-1542

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

and interacted with Expedia.com and made unauthorized use of Expedia's software and proprietary databases to obtain information for its own benefit.

28. Through their actions, Defendants have wrongfully exercised dominion over Expedia's software and/or proprietary databases and reduced Expedia's rights to that property by occupying the use of Expedia's capacity to service and/or inform its customers.

29. Defendants' wrongful exercise of dominion over Expedia's software and proprietary databases have deprived Expedia of the legitimate use of its commercially valuable system by causing that system to become disabled, impaired and/or unavailable to customers and potential customers of Expedia during the scraping incident.

30. Defendants' acts have caused injury to Expedia, its proprietary databases and websites, and to its business relations and reputation. The damage suffered by Expedia as a result of Defendants' conduct includes the impairment of the integrity and/or availability of data, programs, systems, and/or information in Expedia's protected computers, the cost to Expedia of identifying and halting the attack on its computers and systems, the bookings and revenues lost as a result of Defendants' actions, and the damage and injury to Expedia's goodwill caused by Defendants' actions.

## COUNT IV

## UNJUST ENRICHMENT

31. Expedia realleges and incorporates by reference paragraphs 1- 30 above.

32. By its unlawful actions, Defendants have, on information and belief, knowingly obtained business-related benefits acquired at the expense of Expedia. Defendants' knowing acquisition of these benefits has occurred under circumstances that render it inequitable for Defendant to retain the benefits without paying for their value.

33. As a result of Defendants' unjust enrichment, Defendants should be ordered to compensate Expedia for the value of the information it unwillingly provided, and ordered to disgorge all profits derived using the information.

COMPLAINT - 7
No. 2:11-cv-1542

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## COUNT V

### BREACH OF CONTRACT

34. Expedia realleges and incorporates by reference paragraphs 1- 33 above.

35. The Expedia.com Use Agreement is a valid, binding agreement on Defendants.

36. Upon Defendants' use of Expedia.com, Defendants agreed to be bound by the terms of the Use Agreement posted on Expedia's website.

37. By accessing Expedia.com by automatic device, by engaging in scraping activities, by using Expedia.com website and/or the information displayed on for a commercial purpose, and/or by actions that imposed an unreasonable or disproportionately large load on the Expedia infrastructure, Defendants breached the Use Agreement.

38. As a direct and proximate result of the Defendants breach of the Use Agreement, Expedia has suffered damages in an amount to be proved at trial.

## COUNT VI

### CONVERSION

39. Expedia realleges and incorporates by reference paragraphs 1- 38 above.

40. Expedia owns Expedia.com and owns or otherwise has a valid possessory interest in the data and search results generated by Expedia.com.

41. Defendants intentionally exercised dominion or control over the property of Expedia in that without the prior authorization and approval they sent scraping software into Expedia's computer system, thereby converted it to their own use and disabled the proper operation of Expedia.com, and obtained information rightfully belonging to Expedia from Expedia computers.

42. As a direct and proximate cause of this conduct, Expedia was deprived of its property for a period of time and Defendants, on information and belief, converted the use of the Expedia property for their own economic benefit, causing harm and damage to Expedia.

## COUNT VI

COMPLAINT - 8
No. 2:11-cv-1542

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**TORTIOUS INTERFERENCE WITH
CONTRACTUAL AND/OR BUSINESS RELATIONSHIPS**

43. Expedia realleges and incorporates by reference paragraphs 1- 42 above.

44. Defendants activities interfered with Expedia's relationships with its customers and its potential customers, as described above, including without limitation by preventing Expedia from consummating and/or completing customer purchases and queries, by causing bookings by Expedia's customers and/or potential customers to be lost that otherwise would have been completed, and by interfering with and damaging Expedia's goodwill with its customers and potential customers. Defendants thereby interfered with Expedia's contractual and/or business relationships.

45. As a direct and proximate cause of this conduct, Expedia was damaged in an amount to be proved at trial. The damage suffered by Expedia as a result of Defendants' conduct includes the impairment of the integrity and/or availability of data, programs, systems, and/or information in Expedia's protected computers, the cost to Expedia of identifying and halting the attack on its computers and systems, the bookings and revenues lost as a result of Defendants' actions, and the damage and injury to Expedia's goodwill caused by Defendants' actions.

## VII.   RELIEF REQUESTED

WHEREFORE, Expedia requests relief as follows:

A. That Expedia be awarded judgment in its favor in an amount to be proven at trial;

B. For an order enjoining Defendants from any further trespass, conversion or statutory violations of the Computer Fraud and Abuse Act;

C. That Expedia be awarded its attorneys' fees and costs the full extent permitted by law;

D. That Expedia be awarded pre-judgment and post-judgment interest, as provided under applicable law; and

COMPLAINT - 9
No. 2:11-cv-1542

Savitt Bruce & Willey LLP
1425 Fourth Avenue, Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

E.   For such other relief the Court deems just and proper.

DATED:  September 15, 2011.

**SAVITT BRUCE & WILLEY LLP**


By   *s/James P. Savitt*
      *s/Cynthia A. Stross*
James P. Savitt, WSBA #16847
Cynthia A. Stross, WSBA #24481
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
Telephone:  206.749.0500
Facsimile:   206.749.0600
Email:   jsavitt@jetcitylaw.com
Email:   cstross@jetcitylaw.com

Attorneys for Plaintiff Expedia, Inc.

COMPLAINT - 10
No. 2:11-cv-1542

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500